IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHN FELIX GREER,

    Plaintiff,

vs.    No. 05-2640-D/V

UNITED STATES OF AMERICA,
et al.,

    Defendants.

ORDER CORRECTING THE DOCKET
ORDER DENYING RECUSAL MOTION
ORDER OF DISMISSAL
AND
ORDER ASSESSING $250 CIVIL FILING FEE

Plaintiff John Felix Greer, Bureau of Prisons inmate registration number 15966-076, a pretrial detainee at the West Tennessee Detention Facility ("WTDF")[1] in Mason, Tennessee, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), on August 8, 2005.[2] The Court issued an order on October 26, 2005 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the entire $250 civil

---

[1]  The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]  The docket sheet incorrectly lists this case as brought pursuant to 42 U.S.C. § 1983. The Clerk shall correct the docket to reflect that this is a Bivens action.

filing fee of $250. Because the plaintiff filed a response to that order on November 23, 2005 that did not fully comply with the PLRA, the Court issued an order on December 9, 2005 that construed the plaintiff's filing as a motion for extension of time and, as so construed, granted a thirty-day extension of time to comply with the Court's order. On January 4, 2006, plaintiff filed a series of documents that were docketed, collectively, as a recusal motion. Those documents included a nonprisoner in forma pauperis affidavit.

It is necessary, as a preliminary matter, to consider the recusal motion filed by the plaintiff on January 4, 2006. This case raises claims concerning the pending criminal case against the plaintiff, United States v. Greer, No. 04-20009-Ml (W.D. Tenn.). In his affidavit of bias and prejudice, the plaintiff states that this judge "has a personal bias and prejudice against this plaintiff" because she presided over the proceedings that precipitated the instant cause." Although the case is currently assigned to another judge, the docket sheet indicates that the plaintiff appeared before this judge for report dates on February 19, 2004; March 18, 2004; April 22, 2004; June 24, 2004; July 22, 2004; September 23, 2004; October 21, 2004; November 18, 2004; January 27, 2005; March 24, 2005; and May 19, 2005. The Court also ruled on motions for the appointment of new counsel on October 21, 2004; December 28, 2004; and May 18, 2005 and issued an order on March 1, 2005 permitting one attorney to withdraw.

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Circumstances under which a judge must disqualify herself include:

(1) Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice [she] served as lawyer in the matter in controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Whether [she] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) [She] knows that [she] . . . or [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) [She] or [her] spouse . . . :

   (i) Is a party in the proceeding . . . . ;

   (ii) Is acting as a lawyer in the proceeding;

   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

3

28 U.S.C. § 455(b).

A judge must recuse herself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse [herself] based on the 'subject view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read in pari materia to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[3] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

---

[3] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

4

The motion filed by plaintiff does not state any ground that would require this judge to recuse herself.[4] The motion does not set forth any facts suggesting that this judge has a personal bias against the plaintiff, and the plaintiff did not file a recusal motion in his criminal case. The matters at issue in this complaint could have been raised in the pending criminal case and, if they were, there would be no impediment to this judge ruling on them. Accordingly, the motion for recusal is DENIED.

Despite the orders issued on October 26, 2005 and December 9, 2005, the plaintiff has failed to filed a certified copy of his inmate trust fund account statement, as required by 28 U.S.C. § 1915(a)(2). Nothing in the plaintiff's various submissions provide any basis for concluding that prison officials are responsible for the plaintiff's noncompliance. The Sixth Circuit permits district courts to grant only a single, thirty-day extension of time to comply with the PLRA. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiff already had the benefit of one extension of time, and the time set for compliance has expired.

The October 26, 2005 order advised the plaintiff that failure to comply with the PLRA would result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. 10/26/05 Order at 3. Accordingly, the Court DISMISSES this action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

---

[4] Although the document submitted by Austin is entitled an affidavit, it does not comply with § 144 because it is not accompanied by "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore, 114 F.3d at 607; cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Under the PLRA, all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[5] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has not submitted a certified copy of his trust fund account statement. He has not, therefore, established that he is eligible to take advantage of the installment payment provisions of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall withdraw from the plaintiff's trust fund account the sum of $250 and forward that amount to the Clerk of this Court. If the funds in plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account

---

[5] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

6

and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

sanctions, including a monetary fine or restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the SCDC. The Clerk is further ORDERED to forward a copy of this order to the warden of the WTDF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this __30__ day of January, 2006.

/S/ Judge Benice Bouie Donald
United States District Court